**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ARTHUR THOMAS REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1373-JMB |
| ) | |
| UNKNOWN DIRECTOR OF JOHN ) | |
| COCHORAN V.A. HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Arthur Thomas Reed for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $31.52. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

1

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the motion for leave to proceed *in forma pauperis*, plaintiff submitted a certified copy of his inmate account statement. ECF No. 3. A review of plaintiff's account indicates an average monthly deposit of $157.61 and an average monthly balance of $0.40. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $31.52, which is 20 percent of plaintiff's average monthly deposit.

## The Complaint

Plaintiff brings this action on a Court-provided "Civil Complaint" form against five "unknown" employees of the John Cochran Veterans Affairs Hospital, six "unknown" employees of the Jefferson Barracks Veterans Affairs Hospital, and one "unknown chair company." Under the section to provide the basis for jurisdiction of this action, plaintiff writes:

> I hereby submit the Federal Question of whether Jefferson Barracks V.A. Hospital; an entity of the Federal government, and its employees, namely, several unknown nurses, dietician (teaching class), and physicians (Doctors); and its maint[en]ance department and director, was grossly negligent causing or preventing the plaintiff of personal injury and providing proper medical care.

ECF No. 1 at 3.

Plaintiff's Statement of Claim is presented within the form complaint and on an additional fifteen pages of notebook paper. *See id.* at 5; ECF No. 1-1 at 5-20. Plaintiff indicates that in June or July of 2022, he was a patient in a long-term drug treatment program at Jefferson Barracks Veterans Affairs Hospital ("Jefferson Barracks"). While attending a class, he states the chair he was sitting on "completely disintegrated." Plaintiff complains that unnamed paramedics took

2

approximately two hours to arrive, and when he was lifted from the floor by unidentified "staff" they failed to use proper medical equipment.

Plaintiff was transported to the emergency department at John Cochran Veteran Affairs Hospital ("John Cochran") where he received a radiological examination and was diagnosed with what plaintiff describes as "a serious concussion and hermatonin [sic]." Plaintiff alleges that despite exhibiting "distress, pain, [and] delirium," he was improperly discharged without pain medication, a neck brace, crutches, or a wheelchair.

Upon his return to Jefferson Barracks, plaintiff claims an unknown physician agreed to provide him with pain medication and schedule a follow up MRI, but neither occurred. He further states that an unknown director told him he "would do everything possible to see that plaintiff g[o]t proper treatment," but did not do so. Plaintiff claims he was subsequently "wrongfully terminated from the treatment program for allegedly leaving for too long without signing out." He explains he was assigned to a different short-term program, but was terminated again. Plaintiff admits he violated a policy, but asserts he should not have been removed from the short-term program, which resulted in a parole violation and reincarceration. He argues his removal from both programs was in retaliation for his request for medical assistance.

Plaintiff then complains of a separate incident that occurred at John Cochran. Upon arrival to the emergency room with complaints of pain, he was seen by an unknown physician who was allegedly hostile to him and accused him of faking his symptoms for the purpose of acquiring pain medication. He alleges he was discharged without a coat and had to walk home "on one leg." Plaintiff asserts he was unable to walk for 12 to 14 months after that incident and had to resort to "illegal pain killer medication to cope."

3

Plaintiff then describes a third incident on an unspecified date in which he went to John Cochran's emergency room complaining of chest pressure and difficulty breathing. Plaintiff told an unknown doctor that he was using crystal meth to self-treat. He claims the doctor was hostile towards him and screamed at him. He does not provide any additional information regarding this incident other than to say that he continues to experience the same symptoms.

Plaintiff asserts he has attempted to file "internal complaints" against the doctors and staff, but that the "John Cochran and Jefferson Barracks V.A. Hospitals Patient Advocacy Departments has a pattern and practice of shielding their doctors, nurses, and staff in the emergency room from patients wishing to file complaints against staff." He claims the unknown directors of the facilities were "grossly negligent" in training their staff, the unknown physicians committed medical malpractice, and the company who manufactured the chair that caused the original injury was "grossly negligent" in inspecting their products.

For relief, plaintiff seeks a court order declaring that the medical care rendered at both hospitals is "inadequate and must be overhauled." ECF. No. 1-1 at 20. He further requests $100,000,000 in monetary damages for "being wrongfully removed from both treatment programs at Jefferson Barracks," and an additional $100,000,000 for his medical injuries. *Id.*

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for

4

relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679

## Discussion

Having thoroughly reviewed and liberally construed the complaint, the Court finds it is defective for the reasons stated below.

First, plaintiff has not specifically stated a basis for this Court's jurisdiction. Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. It may be that plaintiff intends to bring this action under the Federal Torts Claim Act, 28 U.S.C. §§ 2761, *et seq*. ("FTCA").[1] If so, he needs to cite to the statute in the Basis of Jurisdiction section of the form complaint. If plaintiff is bringing this case under a different law(s), he must also make that clear.

If it is plaintiff's intent to bring this action under the FTCA, he must first present his claim to the appropriate federal agency, which in this case is the United States Department of Veterans Affairs ("VA"). *See* 28 U.S.C. § 2675(a). If plaintiff is trying to bring a claim under the FTCA, he must inform the Court of whether or not he has formally presented this claim to the VA and submit

---

[1] The FTCA is the exclusive remedy for the negligent or wrongful acts of federal employees committed while acting within the scope of their employment. 28 U.S.C. § 2679(b)(1); *United States v. Smith*, 499 U.S. 160, 161 (1991).

5

a copy of the agency's response.[2] The FTCA's exhaustion requirement is a "jurisdictional prerequisite to filing suit, and the Court is obligated to dismiss cases over which it lacks subject matter jurisdiction." *Radford v. United States*, 178 F. Supp. 3d 784, 789 (E.D. Mo. 2016) (quoting *Taylor v. Clark*, 821 F.Supp.2d 370, 374–75 (D.D.C. 2011)).

Second, plaintiff is advised that Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleading standards requires a "*short and plain statement of the claim* showing that the pleader is entitled to relief." (emphasis added). In order to conform to the requirements of Rule 8, plaintiff's complaint must contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The complaint must be sufficiently clear so the Court or opposing party "is not required to keep sifting through it in search of what it is plaintiff asserts." *Id.* (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). Although plaintiff is self-represented, he must still comply with the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *American Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988).

Here, plaintiff's complaint abjectly fails to meet the short and plain statement requirement of Rule 8(a) as the Statement of Claim spans approximately 15-pages and, despite the length, fails

---

[2] The Court notes that plaintiff states within his complaint that "he has exhausted his remedies by filing a federal tort in all aspects in 2023." *See* ECF No. 1-1 at 20. This vague statement does not provide the necessary information this Court needs to analyze exhaustion, such as whether he specifically filed an administrative claim with the VA and, if so, when the claim was filed and when the response was issued. The FTCA affords the Federal agency six months to review the claim and issue its response. 28 U.S.C. § 2675(a).

to explicitly indicate what each named defendant did or failed to do in violation of a specific federal statute.

Third, the case cannot proceed unless plaintiff either identifies the name of the individual doctors, directors, and staff members he is trying to sue so that they can be served or he makes sufficiently specific allegations to permit the identification of the defendants after reasonable discovery. *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (an action may proceed against an unknown party only if the complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery"). Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). Further, if it is plaintiff's intent to bring this action under the FTCA, the proper defendant would be the United States of America, not Jefferson Barracks or John Cochran. *See Newburn v. United States*, 2020 WL 2571503, at *2 (E.D. Mo. May 20, 2020), *aff'd sub nom. Newburn v. Repko*, 829 F. App'x 744 (8th Cir. 2020) ("Because the [John Cochran] is a division of a federal agency–the Department of Veterans Affairs–the proper defendant for Plaintiff's claim under the FTCA is the United States of America.") (citing 28 U.S.C. §§ 2679(a), (d)(1)).

Lastly, plaintiff's attempt to bring a claim against an "unknown chair manufacturer" along with his claims against a federal entity and its employees is improper. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and states as follows:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) *any question of law or fact common to all defendants will arise in the action*.

Rule 20(a), Fed. R. Civ. P. (emphasis added). Under this rule, a plaintiff cannot join in a single

7

lawsuit a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees — for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

In consideration of plaintiff's self-represented status, the Court will allow him the opportunity to submit an amended complaint.

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s). He should also avoid using only generic titles

to name a defendant. An action may proceed against a party whose name is unknown *only* if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that specific defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff. *If plaintiff intends to bring his amended complaint pursuant to the FTCA, he must attach a copy of the VA's response to his administrative claim.*

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. ECF No. 4. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny his motion without prejudice at this time. However, the Court will entertain a future motion for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $31.52 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank "Civil Complaint" forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit an amended civil complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel [ECF No. 4] is **DENIED** without prejudice at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 4th day of December, 2023.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

11